IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mark Lott, ) | C/A No. 6:24-cv-06044-RMG-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Ron Lawrenz, Jill Calderon, Lisa ) Young, Leonka Garvin, ) | |
| ) | |
| Defendants. ) | |

    The plaintiff, a civilly committed individual proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court. The plaintiff's complaint was entered on the docket on October 23, 2024 (doc. 1). The plaintiff's case is in proper form for judicial screening. However, upon review of the plaintiff's complaint, the undersigned recommends it be dismissed.

## **ALLEGATIONS**

    The plaintiff, a civilly committed individual in the Sexually Violent Predator Treatment Program, proceeding *pro se* and *in forma pauperis*, has filed this § 1983 action asserting violations of his constitutional rights by the defendants (doc. 1).

    The plaintiff alleges that on June 15, 2024, he was placed into lock up for sexual contact with another resident (doc. 1 at 5). The plaintiff contends that the defendants were part of the behavior board that found him guilty of the charge even though Maj. Young also investigated the incidents (*id*. at 4, 5, 6–7). He also alleges that it was improper for Mr. Lawrenz to confirm the improper disciplinary charge (*id*. at 4, 6–7). The

plaintiff alleges that Maj. Young made the hearing not fair or impartial (*id*. at 5, 6–7). The plaintiff also contends that he was wrongfully charged with a sexual contact disciplinary charge in August 2022, where the same thing happened (*id*.). The plaintiff also contends that the incident/sexual contact happened on June 14, 2024, even though the incident report says it happened June 15, 2024 (*id*. at 6–7). As a result of the disciplinary charge, the plaintiff lost levels (*id*.).

The plaintiff's injuries include being placed in lock-up, losing levels, and having his rights violated (*id*. at 7). For relief, the plaintiff seeks to have certain disciplinary charges overturned and money damages (*id*.). Attached to the plaintiff's complaint are grievance and communication forms relating to the disciplinary charges in question (doc. 1-1).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private

right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages and injunctive relief from the defendants. However, the plaintiff's complaint is subject to summary dismissal. Here, as noted above, the plaintiff alleges that the defendants violated his rights during two disciplinary proceedings (doc. 1 at 4, 5, 6–7). Because the plaintiff is a civilly committed individual, his claims are evaluated under the Due Process Clause of the Fourteenth Amendment and evaluated as set forth by the United States Supreme Court in *Youngberg v. Romeo*, 457 U.S. 307 (1982). In determining whether the rights of a civilly committed individual, such as the plaintiff, have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to decisions of professionals. *Id*. at 321; *See Treece v. Winston-Wood*, C/A No. 3:10-cv-02354-DCN-JRM, 2012 WL 887476, at *3 (D.S.C. Feb. 23, 2012), *Report and Recommendation adopted by* 2012 WL 896360 (D.S.C. Mar. 15, 2012). Decisions by a professional are presumptively valid and liability may only be imposed when "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. The deference ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. *Id*. at 322.

Here, the plaintiff's allegations involve two disciplinary charges where he asserts that he was improperly found guilty of sexual contact with another detainee (doc. 1 at 4, 5, 6–7). The sole basis of the plaintiff's claim is that Maj. Young, who investigated the sexual contact incidents, was one of the three individuals who sat on the board to evaluate the plaintiff's guilt or innocence (*id*.). However, the plaintiff concedes that he was provided notice of the charges against him and was afforded an opportunity to be heard regarding the allegations of misconduct in hearings about the charges (*see id*.). Further, as noted in the exhibits attached to and incorporated into the plaintiff's complaint, the plaintiff's charges were substantiated based on the defendants' professional judgment after reviewing the staff reports (and the plaintiff's confession in some cases)[1] (*see* doc. 1-1 at 1–2, 4, 7, 10, 13, 21–22). As such, the defendants appropriately exercised their professional judgment in finding the plaintiff guilty based upon the process afforded to him. Moreover, as conceded by the plaintiff, based on *Youngberg*, the plaintiff's complaint also makes it clear that Mr. Lawrenz, as the facility administrator, exercised professional judgment in affirming the plaintiff's disciplinary charges on appeal after the hearings – meaning that the decisions were presumptively valid. *Youngberg*, 457 U.S. at 323. Here, the plaintiff was given notice of his disciplinary charges and had the opportunity to present evidence at a hearing each time; thus, there is no indication that having Maj. Young as part of the panel at these hearings rose to the level of a departure from "accepted professional judgment" much less a *substantial* departure as required for liability under *Youngberg*. *Id*. Further, deference under *Youngberg* prevents unnecessary court interference with the operation of state institutions – such as determinations regarding disciplinary charges. *Id*.

---

[1] *Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024) (recognizing that documents can be incorporated into the complaint by reference) (internal citation and quotation marks omitted).

at 322.  As such, the plaintiff's claim that his rights were violated based on two disciplinary charges is subject to dismissal.

## RECOMMENDATION

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint.  Therefore, the undersigned recommends that the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process.  *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").
**The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

December 3, 2024
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).